UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DERON JEFFERS, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Case No. 2:15-cv-00153-JMS-MJD |
| ) | |
| BRIAN SMITH, ) | |
| Respondent. ) | |

**Entry Discussing Petition for Habeas Corpus, Severing Case into Two Actions, and Directing Respondent to Show Cause**

**I.**

The clerk shall **update the docket** to reflect the spelling of the petitioner's first name as "Deron."

Brian Smith, the Superintendent of Putnamville Correctional Facility is the proper sole respondent in this action. The clerk shall **update the docket** accordingly, and terminate any other respondents.

The petitioner's motion to proceed *in forma pauperis* [dkt. 2] is **denied as moot** because he paid the filing fee.

**II.**

The petitioner seeks habeas corpus relief with respect to two prison disciplinary proceedings. Each disciplinary proceeding challenged has the status of a separate "court" proceeding. The proceedings must be challenged separately. This is the consequence of Rule 2(d) of the Rules Governing Section 2254 Cases in the United States District Courts. *See Boriboune v. Berge*, 391 F.3d 852, 854 (7th Cir. 2004) ("each petition must be directed to a single criminal judgment"). At present, therefore, there is one habeas action matched with two disciplinary

proceedings. The ratio must be one to one. This action, No. 2:15-cv-00153-JMS-MJD, will proceed as to the challenge to the disciplinary proceeding identified as BTC 14-09-0250, for which petitioner was charged with disorderly conduct on September 11, 2014.

### III.

The clerk shall **open a new civil action using the same petition, with the nature of suit code 530 and cause of action 28:2254,** to address the petitioner's challenge to the disciplinary proceeding for case number BTC 14-09-0262, for which petitioner was charged with disorderly conduct on September 14, 2014. The respondent shall be Brian Smith.

The Court will direct the payment of a filing fee for that second action and will issue an order to show cause after the new case is opened.

### IV.

The first two grounds asserted by the petitioner shall be treated as a challenge to the sufficiency of the evidence to support the conviction. The petitioner's custodian shall have **through July 6, 2015,** in which to answer the allegations of the petitioner's petition for a writ of habeas corpus, but only with respect to the challenge to BTC 14-09-0250, and in doing so shall show cause why the relief sought by the petitioner should not be granted. The petitioner shall have twenty-eight (28) days after service of such answer or return to order to show cause on him in which to reply. A copy of this Entry and Order to Show Cause shall be sent to the Indiana Attorney General through a Notice of Electronic Filing ("NEF") generated by the court's CM/ECF case management system. The Indiana Attorney General has previously been provided with a copy of the habeas petition itself.

## V.

The clerk shall include a copy of the petition filed on May 27, 2015 (docket 1), and the attachments thereto with the petitioner's copy of this Entry.

**IT IS SO ORDERED.**

Date: _____06/02/2015_____

*Hon. Jane Magnus-Stinson, Judge*
United States District Court
Southern District of Indiana

Distribution:

Deron Jeffers
No. 208311
Putnamville Correctional Facility
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135-9275

habeas@atg.in.gov

**NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.**